UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ALFRED H. HARRINGTON,      )
         )
    Plaintiff,      )
         )
v.         )      2:17-cv-00455-GZS
         )
BLUE WATER FISHERIES, INC.,    )
         )
    Defendant      )

**ORDER ON DISCOVERY ISSUE**

In this action commenced under the Jones Act, 46 U.S.C. § 30104, Plaintiff seeks to recover damages for injuries he sustained on April 2, 2014, during an incident while he was working as a member of the crew of *F/V MEGAN MARIE*, a commercial fishing vessel owned by Defendant.

On August 8, 2018, the Court conducted a telephonic conference to address a discovery issue regarding Plaintiff's request that Defendant produce the transcript of the recorded statement of a witness, Robbie Roberge. Defendant contends the statement, which was obtained by a representative of Defendant's liability insurer on May 8, 2014,[1] is protected from discovery by the work product doctrine.

At the conclusion of the conference, the Court directed the parties to file certain information, including the relevant portions of the deposition testimony of Plaintiff, Mr.

---

[1] In his supplemental brief on the discovery issue, Plaintiff asserts the statement is dated May 8, 2014. (Supplemental Brief at 1, ECF No. 53.) Defendant did not object to Plaintiff's assertion. The Court, therefore, accepts Plaintiff's representation for purposes of its analysis.

Roberge, and Defendant's expert witness.  (Report and Order, ECF No. 47.)  The Court has reviewed the parties' submissions.

**Discussion**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Additionally, "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable."  *Id.*

The party asserting a privilege to withhold documents responsive to a legitimate discovery request bears the burden of demonstrating the applicability of the privilege.  *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 69 (1st Cir. 2011).  The standard requires "sufficient information to allow the court to rule intelligently on the privilege claim."  *Marx v. Kelly, Hart & Hallman*, *P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).

"The attorney work-product privilege, codified in Fed. R. Civ. P. 26(b)(3), shields from disclosure materials prepared by attorneys 'in anticipation of litigation.'"  *Autoridad de Carreteras y Transp. v. Transcore Atl.*, *Inc.*, 319 F.R.D. 422, 435 (D.P.R. 2016) (citing *Maine v. United States Dep't of Interior*, 298 F.3d 60, 66 (1st Cir. 2002)).  The privilege protects "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).  The work product doctrine does not extend to "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for nonlitigation purposes," even if the materials were prepared by a lawyer and reflect "legal thinking."  *United States v. Textron Inc.*, 577 F.3d 21, 30 (1st Cir. 2009) (quoting Fed. R. Civ. P. 26 advisory comm.'s note (1970)).  The issue is

"whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." 8 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2024 (3d ed.).

Assuming the withholding party makes an adequate showing that the documents in question are subject to a privilege, the party seeking production may assert that an exception to the privilege applies under the circumstances. *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 17 (1st Cir. 2012). Under certain circumstances, "documents and tangible things" prepared in anticipation of litigation may be discovered if they are discoverable generally and if the party seeking production "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

Defendant contends its liability insurance provider obtained the statement in anticipation of litigation. In this District, the mere fact that a liability insurance company obtains a statement does not establish that the statement was prepared in anticipation of litigation. *See S.D. Warren Co. v. Eastern Elec. Corp.*, 201 F.R.D. 280 (D. Me. 2001); *Precision Airmotive Corp. v. Ryan Ins. Services, Inc.*, No. 2-10-mc-244-JHR, 2011 WL 148818 (D. Me. Jan. 17, 2012). "It is not enough to trigger work product protection that the subject matter of a document relates to a subject that might conceivably be litigated." *Textron*, 577 F.3d at 29. "It is only work done in anticipation of or for trial that is protected." *Id*. at 30.

Defendant, which has the burden of demonstrating the applicability of the privilege, has offered no evidence to suggest that the insurance company's efforts to obtain the statement were in anticipation of litigation, as distinguished from the company's regular business practice. To

the contrary, insofar as the parties' submissions reveal the statement was obtained approximately one month after the incident, evidently before the involvement of counsel for Plaintiff,[2] and nearly three years before this action was commenced,[3] the record suggests the statement was obtained as part of the company's ordinary business practice. "Where the proponent fails to adduce sufficient facts to permit the court to conclude with reasonable certainty that the privilege applies, its burden is not met." *In re Veiga*, 746 F. Supp. 2d 27, 34 (D.D.C. 2010). Because Defendant has failed to demonstrate that the statement was prepared in anticipation of litigation and trial, Defendant must produce the statement in discovery.[4]

## Conclusion

Based on the foregoing analysis, the Court orders Defendant to produce in discovery to Plaintiff the recorded statement of Robbie Roberge.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of September, 2018.

---

[2] In his supplemental brief, Plaintiff asserts the statement was obtained "well before any attorneys were involved for either party." (Supplemental Brief at 4.)

[3] Plaintiff filed the complaint in this case on March 13, 2017. (ECF No. 1.)

[4] Because the Court has determined that the statement is not within the work-product privilege, the Court does not address Plaintiff's alternative argument – whether Plaintiff has demonstrated that he "has substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).